UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHOINE ODOM

    Petitioner,

v.

THOMAS BIRKETT,

    Respondent.
_____/

Case Number: 2:07-11481
HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

    Anthoine Odom, ("Petitioner") presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, petitioner challenges his conviction for unarmed robbery, M.C.L.A. 750.530. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

    On September 14, 2004, petitioner pled no contest to the above offense in exchange for dismissal of a count of malicious destruction of property and a count of resisting and opposing a police officer. The parties further agreed that petitioner would be sentenced to 2-15 years in prison. On November 1, 2004, petitioner was sentenced to 2 to 15 years in prison.

    Petitioner's conviction arose from a May 21, 2004 unarmed robbery of

1

James Alexander, when a backpack was taken by force with the intent to permanently deprive Alexander of his backpack and its contents. (Plea Tr. p.8). Petitioner approached James Alexander ( who testified at the Preliminary Exam as James Gottage) at a bus stop on Six Mile and Woodward and asked for a cigarette.  When Gottage said "no," Petitioner said that he was going to take his cap and struck Gottage's nose with a closed fist.  Gottage, sitting on the ground waiting for a bus, attempted to stand while reaching for his cap.  At this point, petitioner grabbed Gottage's backpack and attempted to flee.(Preliminary Examination Tr., pp. 5-7)  Petitioner was apprehended by police, who witnessed the incident in progress as they drove northbound on Woodward Avenue. (*Id.* at 17).  Gottage testified that he had never seen the petitioner before this incident. (*Id.* at 10).

On September 14, 2004, petitioner pleaded no contest to unarmed robbery, as part of a plea and sentencing agreement.  The trial court advised petitioner that the maximum sentence was fifteen years in prison.  The trial court further explained to the petitioner that the sentence agreement called for him to receive a sentence of two to fifteen years in prison.  In response to questions from the trial court, petitioner indicated that he understood the terms of the plea and sentence agreement. (Plea Tr., pp. 5-6).

Petitioner was advised of the rights that he would relinquish by pleading no contest.  Petitioner further acknowledged that he was waiving the right to claim

that his plea had been induced by threats or promises which had not been disclosed on the record. (*Id.* at pp. 6-7). The trial court used the preliminary examination transcript to establish a factual basis for the unarmed robbery conviction. (*Id.* at p. 8).

On November 1, 2004, Petitioner was sentenced to two to fifteen years in prison. Petitioner's conviction was affirmed on appeal. *People v. Odom*, No. 266313 (Mich.Ct.App. December 1, 2005); *lv. den.* No. 130237 (Mich.Sup.Ct. April 28, 2006).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. The trial court abused it's discretion and committed clear error in denying [Petitioner's] motion to withdraw his plea before sentencing.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

3

the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

### III.  Discussion

Petitioner claims that he should be permitted to withdraw his no contest plea, alleging that he was given bad advice by his trial counsel concerning the scope of the plea and sentencing agreement.  Petitioner further claims that he should be permitted to withdraw his no contest plea because he is innocent of the unarmed robbery charge.

Initially, the Court observes that petitioner has no absolute right to withdraw his no contest plea. *See Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

In order for a plea of guilty or no contest to be voluntarily and intelligently

made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *See Hoffman*, 159 F. Supp. 2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid. *See Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

    It is only when the consensual character of a guilty or no contest plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel,

must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

Petitioner first claims that he was misled by his trial counsel into believing that the sentence agreement called for him to receive a two year maximum sentence on the unarmed robbery conviction. Absent extraordinary circumstances, or some other explanation as to why a defendant did not reveal other terms when specifically asked to do so by the trial court, a plea agreement consists of the terms revealed in open court, where the trial court scrupulously follows the required procedure for taking the defendant's plea. *Baker v. United States*, 781 F. 2d 85, 90 (6th Cir. 1986); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002). Because a plea bargain is contractual in nature, it would violate established contract-law standards to permit a defendant to attempt to prove that a plea agreement is otherwise than it unambiguously appears on a thorough record. *Baker*, 781 F. 2d at 90. Finally, plea agreements are to be strictly construed. *See United States v. Brummett*, 786 F. 2d 720, 723 (6th Cir. 1986).

In the present case, the only agreement made by the prosecutor was that in exchange for petitioner's plea to unarmed robbery, the prosecutor agreed to dismiss the malicious destruction of property and resisting and obstructing a

6

police officer counts.  The parties further agreed that petitioner would receive a sentence of two to fifteen years in prison.  The trial court placed the terms of the plea and sentencing agreement on the record and specifically advised petitioner that the sentencing agreement called for petitioner to serve two to fifteen years in prison.  Petitioner acknowledged on the record that he understood the terms of the plea and sentencing agreement that had been placed on the record by the judge and by counsel.  Petitioner was later sentenced to a term of 2-15 years imprisionment.

A "clear reading" of the plea agreement shows that there was no promise by the prosecutor, counsel, or the trial court that petitioner would receive a maximum sentence of two years.  Petitioner has therefore failed to show that the original terms of the plea agreement were breached by the prosecutor. *Myers*, 159 F. Supp. 2d at 628.  Moreover, petitioner would not be entitled to relief on his claim, where petitioner expressly denied the existence of other representations or promises at the time of his plea, when queried by the trial court. *Hastings*, 194 F. Supp. 2d at 670.   Because it is clear from the record that no promises were made that have not been kept, or that the plea bargain was breached, petitioner is not entitled to habeas corpus relief. *See Williams v. Anderson*, 498 F. Supp. 151, 152 (E.D. Mich. 1980).

Petitioner's related ineffective assistance of counsel claim is without merit.

In order to satisfy the prejudice requirement for an ineffective assistance

of counsel claim in the context of a guilty or no contest plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).

In the present case, the trial court advised petitioner that he would receive a sentence of two to fifteen years in prison as part of the plea and sentencing agreement. Petitioner indicated that he understood the possible penalties and the nature of the sentencing agreement. A state court's proper plea colloquy will cure any misunderstandings that a petitioner may have about the consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). Thus, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea or sentencing agreement can never constitute an "extraordinary circumstance" under *Baker* when the court conducts a proper, clear, and through plea colloquy. *Id.* Petitioner would therefore not be entitled to the withdrawal of his plea based on his allegation that his attorney gave him erroneous sentencing information where petitioner was given the correct sentencing information by the sentencing judge at the time of the plea. *See United States v. Todaro*, 982 F. 2d 1025, 1029-30 (6th Cir. 1993).

Petitioner next contends that he should have been permitted to withdraw his no contest plea by the state trial court based upon his assertions of innocence.

8

Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea. *United States v. Jones*, 336 F. 3d 245, 252 (3rd Cir. 2003). "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* (internal quotation omitted). The mere assertion of innocence, absent a substantial supporting record, is insufficient to overturn a guilty plea, even on direct appeal. *Everard v. United States*, 102 F. 3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his no contest plea, without any support, would therefore be insufficient to have his plea overturned. *Id.* For a plea withdrawal motion to be successful, a defendant must set forth a legally cognizable defense to the charges against him or her, which requires more than a general denial to put the government to its proofs; rather, a defendant must affirmatively advance an objectively reasonable argument that he or she is innocent. *United States v. Weaver*, 112 F. Supp. 2d 1, 7-8 (D.D.C. 2000)(internal citations omitted).

In the present case, petitioner has presented no factual evidence or reasonable arguments that he is innocent of these charges. Petitioner's conclusory allegation of innocence is therefore insufficient to permit him to withdraw his no contest plea. *See United States v. Clark*, 429 F. Supp. 89, 93 (W.D. Okla. 1976).

Petitioner lastly appears to contend that there was an insufficient factual basis to establish his guilt to the unarmed robbery offense to which he pleaded

9

no contest.

There is no federal constitutional requirement that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty plea. *Id.* "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning*, 69 F. 3d 107, 111 (6th Cir.1995). Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, petitioner's claim that the trial court failed to establish a sufficient factual basis to support his no contest plea does not provide a basis for federal habeas relief, because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. *Holtgreive*, 174 F. Supp. 2d at 583. Petitioner is therefore not entitled to habeas relief on this claim. [1]

---

[1] In his reply brief, petitioner appears to raise several additional claims for the first time, including his mental competency to plead no contest, a Fourth Amendment claim, a challenge to the examining magistrate's decision to bind him over for trial, and a claim that counsel was ineffective for failing to challenge the bindover and failed to investigate. A traverse or reply to an answer to a petition for writ of

## IV. ORDER

Based upon the foregoing**, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**s/Marianne O. Battani**
**HON. MARIANNE O. BATTANI**
**UNITED STATES DISTRICT COURT**

**DATED: February 10, 2009**

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon Anthoine Odom and Raina Korbakis via ordinary mail or electronic filing.

s/Bernadette M. Thebolt
Case Manager

---

habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)(internal citations omitted). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because these claims are being presented for the first time in petitioner's traverse or reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court. *See Tyler v. Mitchell,* 416 F. 3d 500, 504 (6th Cir. 2005). In addition, none of these claims have been properly exhausted with the state courts.