# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANTHOINE ODOM,

        Petitioner,        Case Number: 2:07-CV-11481

v.        HON. MARIANNE O. BATTANI

THOMAS BIRKETT,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S SUPPLEMENTAL MOTION FOR RECONSIDERATION AND MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Anthoine Odom filed a petition for a writ of habeas corpus challenging his unarmed robbery conviction.  On February 10, 2009, the Court issued an Opinion and Order denying the petitioner.  Petitioner filed a motion for reconsideration, which the Court also denied.  Now before the Court are Petitioner's Supplemental Motion for Reconsideration, Motion for Certificate of Appealability and Motion to Proceed On Appeal *In Forma Pauperis*.

Petitioner's Supplemental Motion for Reconsideration raises essentially the same claims raised in his first Motion for Reconsideration.  The Court denies the Supplemental Motion for the same reasons set forth in the Order denying the previous motion.

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas petition, Petitioner argued that the trial court erred in denying his motion to withdraw his no contest plea because his attorney incorrectly advised him regarding the scope of the plea and sentencing agreement, rendering his plea involuntary. According to Petitioner, his attorney incorrectly advised him that he would receive a maximum sentence of two years' imprisonment; rather than the fifteen years imposed. The sentencing transcript showed that the terms of the plea agreement, calling for Petitioner to serve two to fifteen years' imprisonment, were placed on the record and Petitioner indicated his understanding of the plea agreement. The Court, therefore, denied Petitioner's claim that his plea was involuntary.

Petitioner also argued that his attorney's mistaken advice constituted ineffective assistance of counsel. A state court's plea colloquy which properly advises a defendant of the terms of a plea agreement cures any misunderstandings a defendant may have about the terms of the plea agreement. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). Because, in this case, Petitioner was correctly advised of the terms of the plea agreement during the plea colloquy, the Court held that, even assuming counsel incorrectly advised Petitioner, Petitioner was not prejudiced by the error.

Additionally, the Court held that Petitioner's unsupported claim of actual innocence was insufficient to warrant withdrawal of the plea. Finally, Petitioner's claim that an insufficient factual basis was established to support his guilty plea was not cognizable on habeas review. *Holtgreive v. Curtis*, 174 F. Supp.2d 572, 582 (2001).

The Court finds that jurists of reason would not find the Court's resolution of the petition to be debatable or wrong. Therefore, the Court declines to issue a certificate of appealability.

Petitioner has filed an Application to Proceed on Appeal *In Forma Pauperis*. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's decision that the petition was meritless to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, will grant the Application to Proceed *In Forma Pauperis* on Appeal.

Accordingly, **IT IS ORDERED** that Petitioner's Supplemental Motion for Reconsideration and Motion for Certificate of Appealability are **DENIED**.

**IT IS FURTHER ORDERED**, that Petitioner's Application to Proceed on Appeal *In Forma Pauperis* is **GRANTED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2009

Certificate of Service

I hereby certify that on the above date a copy of this Order was served upon all parties of record via U.S. Mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager